

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON, CDC #P-46050,<br><br>                    Plaintiff,<br><br>         vs.<br><br>R. HARMON, et al.,<br><br>                    Defendants. | Civil No.   07-0277 W (PCL)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT<br><br>[Doc. No. 15] |

I.   **Procedural History**

Plaintiff, a state prisoner, currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 9, 2007. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and directed the U.S. Marshal to effect service of Plaintiff's Complaint on April 17, 2007. Defendants filed their Answer to Plaintiff's Complaint on June 26, 2007. Plaintiff now seeks leave to file a First Amended Complaint to add retaliation claims that were recently addressed in his administrative grievances.

////
////

## II.   Motion for Leave to File First Amended Complaint [Doc. No. 15]

### A.   Federal Rule of Civil Procedure 15(a)

Under Rule 15(a), a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). Otherwise, a party may amend "only by leave of the court or by written consent of the adverse party." *Id.* Leave to amend under FED. R. CIV. P. 15(a) "shall be freely given when justice so requires," therefore the decision to grant leave to amend is one that rests in the sound discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

A plaintiff has the right to amend his complaint once "as a matter of course" any time before a responsive pleading (i.e. answer) is served. FED.R.CIV.P. 15(a); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). Motions under Rule 12 or for summary judgment under Rule 56 are not "responsive pleadings." Therefore, filing such a motion, by itself, does not bar plaintiff from thereafter amending the complaint once as a matter of right. *See St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1374 (9th Cir. 1980) (FED.R.CIV.P. 12 motion); *McDonald v. Hall*, 579 F.2d 120, 121 (1st Cir. 1978) (FED.R.CIV.P. 56 motion). Some courts, including the Ninth Circuit, allow plaintiffs to amend once as a matter of right even after a motion to dismiss the complaint has been granted, provided the action has not been dismissed and the amended complaint is otherwise timely (*i.e.*, not barred by the statute of limitations). *See Doe v. United States*, 58 F.3d 494, 496-97 (9th Cir. 1995); *Benjamin v. United States*, 833 F.2d 669, 672 (7th Cir. 1987).

Courts generally consider four factors in determining the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). Here, while the Court finds no evidence that Plaintiff seeks leave to file his first amended complaint in bad faith or for purposes of undue delay, it does appear that it would be futile to add retaliation claims to this action.

In his Motion, Plaintiff wishes to add retaliation claims against the named Defendants. (Pl.'s Mot. at 2.) Plaintiff indicates that he was not able to address these claims in his original Complaint because he had not exhausted his administrative remedies with regard to the retaliation claims at the time he filed this action. It is for that very reason that the Court finds it is futile for Plaintiff to add those claims to this action.

Specifically, Plaintiff states in his motion that "administrative remedies have been exhausted concerning this [retaliation] ground March 17, 2007 and on June 15, 2007." (*Id.*) Plaintiff filed this action on February 9, 2007 [Doc. No. 1]. The Ninth Circuit has held that a plaintiff is required to exhaust his administrative remedies *before* the initial action is filed. *See McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Thus, the Ninth Circuit's decision in *McKinney* holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198.

Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)). "Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further . . . [the] Congressional objectives [underlying the PLRA's amendments to 42 U.S.C. § 1997e(a)] permitting exhaustion *pendente lite* will inevitably undermine the attainment of them." *Id.*

Thus while the Court finds it futile to allow Plaintiff to amend his action to include this previously unexhausted retaliation claim, this denial is without prejudice to allow Plaintiff to bring this claim in a separate action. The Court makes no finding as to the merits of Plaintiff's retaliation claims in this action.

////

////

### III. Conclusion and Order

For the reasons set forth above, **IT IS ORDERED** that:

Plaintiff's Motion for Leave to File a First Amended Complaint [Doc. No. 15] is **DENIED**, without prejudice, pursuant to FED. R. CIV. P. 15(a).

DATED: 7/23/07

HON. THOMAS J. WHELAN
United States District Judge